UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUINA B. ISSMAIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____) | No. CV 08-04452 AJW <br><br> MEMORANDUM AND ORDER <br> DISMISSING ACTION WITH PREJUDICE <br> Fed. R. Civ. P. 41(b) |

Plaintiff filed a complaint for judicial review on July 10, 2008. A case management order was filed on July 11, 2008. Defendant filed an answer to the complaint and a copy of the administrative record on January 20, 2009.

On January 9, 2009, an order was filed granting a motion by plaintiff's counsel to withdraw as attorney of record. Plaintiff was given 45 days—that is, until February 23, 2009—in which to retain new counsel and prepare her portion of the draft joint stipulation called for by the case management order.

On March 11, 2009, defendant filed a status report stating that defendant's counsel, Sharla Cerra, had spoken to plaintiff by phone on February 20, 2009, and that plaintiff indicated that she had not looked for a new attorney but wanted to do so. Defendant's counsel stated that plaintiff declined to enter into a stipulation allowing the filing of cross-motions for summary judgment in lieu of a joint stipulation. The joint stipulation was due on March 26, 2009.

After plaintiff failed to file a notice of substitution of counsel and the deadline for filing the joint stipulation had passed, an order to show cause ("OSC") was issued on July 9, 2009. The OSC gave plaintiff until July 23, 2009 in which to show cause why this case should not be dismissed for failure to prosecute and comply with court orders. Plaintiff was directed to show cause by filing one or more declarations under penalty of perjury and supporting exhibits, if needed. The OSC cautioned plaintiff "that failure to respond to this order or to show good cause may result in the dismissal of this action with prejudice." As of the date of this memorandum and order, plaintiff has not filed a response to the OSC.

**Discussion**

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b)[1]; Link v. Wabash R.R. Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006)(discussing and applying those factors). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with orders, the applicable standard is the same. See, e.g., Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to

---

[1] Rule 41(b) states:

Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

1  prosecute), cert. denied, 523 U.S. 1007 (2001); Ferdik, 963 F.2d at 1260-1261 (failure to comply with
2  orders).

3  The first factor—the public's interest in the expeditious resolution of litigation—"always favors
4  dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)(quoting Yourish v. California
5  Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), cert. denied, 538 U.S. 909 (2003); see In re PPA Prod.
6  Liability Litig.,460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of
7  litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the
8  action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the
9  docket.").

10  The second factor—the court's need to manage its docket—also favors dismissal. Computer Task
11  Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) ("Where a court order is violated, the first and
12  second factors will favor sanctions . . . ."); see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th
13  Cir. 2004)(noting that "resources continue to be consumed by a case sitting idly on the court's docket").

14  The third factor—prejudice to defendants or respondents—also weighs in favor of dismissal. In the
15  absence of a showing to the contrary, prejudice to the defendants or respondents is presumed from
16  unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994)(citing Anderson v. Air West, Inc.,
17  542 F.2d 522, 524 (9th Cir. 1976)). "Unnecessary delay inherently increases the risk that witnesses'
18  memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643 (citing Sibron v. New
19  York, 392 U.S. 40, 57 (1968)).

20  The fourth factor—the availability of less drastic sanctions—also supports dismissal. Plaintiff was
21  warned that her failure to respond to the OSC could result in dismissal of this action with prejudice under
22  Rule 41(b). See In re PPA Prod. Liability Litig., 460 F.3d at 1229 (explaining that "[w]arning [the plaintiff]
23  that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives'
24  requirement.").

25  The fifth factor—the public policy favoring disposition of cases on their merits—weighs against
26  dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d
27  393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a
28

1 litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at
2 a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1452 (quoting
3 Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)).  Plaintiff has not fulfilled that
4 obligation.

5       The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal.  See
6 Valley Eng'rs Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)(noting that the five-factor test
7 "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to
8 dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is
9 appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

10       Prior to dismissal on the court's own motion, however, a pro se petitioner should be notified of the
11 basis for dismissal and warned that dismissal is imminent.  See Ferdik, 963 F.2d at 1262;  West Coast
12 Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  That requirement has been met.

### Conclusion

14       For the foregoing reasons, this action is dismissed with prejudice for failure to prosecute and failure
15 to comply with court orders.

16 **IT IS SO ORDERED.**

18 July 28, 2009

20       ANDREW J. WISTRICH
      United States Magistrate Judge

4